**CONFERENCE OF PENNSYLVANIA COLLEGE POLICE LODGES, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1998.

Decided Oct. 28, 1998.

As Amended Dec. 3, 1998.

---

Gary M. Lightman, Harrisburg, for petitioner.

John B. Neurohr, Harrisburg, for repondent.

Joseph F. Quinn, Pittsburgh, for intervenor, State System of Higher Education.

Before DOYLE and LEADBETTER, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Conference of Pennsylvania College Police Lodges (Conference) petitions for review of an order of the Pennsylvania Labor Relations Board (Board), affirming the decision of the Secretary of the Board, declining to direct a hearing on the petition for representation filed by the Conference. We affirm.

The facts of this case are not in dispute. The Conference sought to represent a bargaining unit of police officers (police) employed at the fourteen universities that comprise the State System of Higher Education by filing a petition for representation with the Board. The police had been represented for the purposes of collective bargaining by the United Plant Guard Workers of America (Union) as security guards under the Public Employe Relations Act (PERA).[1] The Conference sought to represent the police as "policemen" pursuant to the Pennsylvania Labor Relations Act (PLRA)[2] and the provisions of the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10 (commonly referred to as Act 111).

The initial collective bargaining agreement between the police and the Union was in effect from September 1, 1993, through August 31, 1996. The Union entered into a new collective bargaining agreement with the police on November 15, 1996.[3] Four days later, on November 19, 1996, the Conference filed a petition for representation with the Board, requesting a hearing on the matter. The Commonwealth of Pennsylvania, a party to the collective bargaining agreement, filed a motion to dismiss, alleging that the Conference's petition was untimely as it was not filed in the applicable window period.

By letter dated December 20, 1996, the Secretary of the Board declined to direct a hearing because the petition had not been filed in the applicable window period. The Conference filed an exception alleging that the petition was timely filed. On April 15, 1997, the Board issued a final order dismissing the Conference's exception and affirming the Secretary's decision declining to direct a hearing on the petition. The Conference now appeals.

On appeal to this Court,[4] the Conference once again asserts that its petition for representation was timely filed. We disagree.

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

2. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13.

3. The new collective bargaining agreement took effect retroactively on September 1, 1996, and continues through August 31, 1999.

4. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact are supported by substantial

Due to problems with the timeliness of representation petitions filed under PERA and the lack of any specific timetable for the filing of representation petitions under the PLRA or Act 111, the Board addressed the situation in *O'Hara Township*, 9 PPER ¶ 9073 (Order Fixing Time and Place of Election, 1978). In that case, the Board created a window period for the filing of such petitions by holding that a petition for representation under the PLRA or Act 111 must be filed not sooner than sixty days before the date when collective bargaining is required to begin and not later than thirty days before this date.[5] The Board, in *Temple University*, 10 PPER ¶ 10215 (Nisi Order of Dismissal, 1979), applied the window period and dismissed an Act 111 petition for representation as untimely.

Pursuant to Section 3 of Act 111, 43 P.S. § 217.3, bargaining for a successor collective bargaining agreement must commence at least six months before the start of the fiscal year of the Commonwealth. The Commonwealth's fiscal year begins on July 1; hence, bargaining must commence by December 31 of the previous year. Applying the window period from *O'Hara Township*, a petition for representation must be filed in November of the previous year.

In the instant case, the collective bargaining agreement between the police and the Union expired on August 31, 1996. Since the Commonwealth's fiscal year began on July 1, 1996, the parties needed an agreement to cover the bulk of fiscal year 1996. Bargaining for this agreement had to commence by December 31, 1995, and any petitions for representation had to be filed in November of 1995. The Conference failed to file a representation petition during this time period.[6]

The Conference had another opportunity to file a petition for representation. The agreement between the police and the Union expired on August 31, 1996. The parties did not execute a new collective bargaining agreement until November 15, 1996. A representation petition would have been properly filed during this period of no contract. However, the Conference failed to file a petition until November 19, 1996.

■ Act 111 is silent regarding any contract bar to petitions for representation. However, the Pennsylvania Supreme Court, in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board*, 470 Pa. 550; 369 A.2d 259 (1977), instructed the Board to read Act 111 in pari materia with the PLRA. Section 7(c) of the PLRA, 43 P.S. § 211.7(c), provides that "[a]ny certification of representatives by the board shall be binding for a period of one year, or for a longer period if the contract so provides." In other words, an existing contract bars the filing of a petition for representation, except in the applicable window period.

■ The Board, mindful of the Supreme Court's instruction in *Philadelphia Fire Officers Association*, applied the PLRA's contract bar to Act 111 cases in *O'Hara Township*.[7] In the present case, the Conference did not file a petition for representation until November 19, 1996. At this point in time, the parties had executed a new collective bargaining agreement. Thus, the Conference's petition for representation was barred as a result of the new contract.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 28th day of October, 1998, the order of the Pennsylvania Labor Relations Board is affirmed.

---

evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Harbaugh v. Pennsylvania Labor Relations Board*, 107 Pa.Cmwlth. 406, 528 A.2d 1024 (Pa.Cmwlth.1987).

5. The Board's decision in this case has been approved by this Court in *Commonwealth v. Pennsylvania Labor Relations Board*, 64 Pa. Cmwlth. 525, 441 A.2d 470 (Pa.Cmwlth.1982), *affirmed in part, reversed in part on other grounds*, 502 Pa. 7, 463 A.2d 409 (1983).

6. The Conference had previously filed a representation petition on June 28, 1996. However, the Board dismissed that petition as untimely, concluding that the applicable window period fell in November of 1995. The Conference did not appeal that decision of the Board.

7. We note that in *O'Hara Township*, the Board provided that a contract may serve as a bar to a

petition for representation for a period of one year up to a maximum period of three years.